AUGE, PLAINTIFF AND APPELLANT, *v.* SELOSSE, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action for Divorce.—Motion for Dismissal.

No. 3087.—Decided January 18, 1924.

DIVORCE—ALIMONY—APPEAL—DILIGENCE.—The steps that an appellant may have had to take for the collection of instalments of alimony allowed interlocutorily in an action for divorce have nothing to do with the action necessary for the prosecution of an appeal in the principal action.

ID.—ID.—ID.—ID.—Almost two years having elapsed since the trial court ordered that the transcript of the evidence be submitted for approval to the judge who presided at the trial without the appellant's having taken any action to perfect the appeal, the appeal will be dismissed for lack of diligence under Rule 59 of the Supreme Court.

The facts are stated in the opinion.

*Mr. R. H. Blondet* for the appellant.

*Mr. Juan de Guzmán Benítez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this action for divorce the complaint of the wife was dismissed and the counter-complaint of the husband was sustained. The plaintiff appealed from that judgment on October 5, 1921, and asked that the stenographer prepare the transcript of the evidence for the appeal. The stenographer filed the transcript on February 20, 1922, and on March 6, 1922, the court ordered that it be submitted for approval to the judge who presided at the trial. No other action was taken to have the transcript approved and on December 12, 1923, the appellee moved for the dismissal of the appeal in accordance with Supreme Court Rule 59 for lack of diligence in the prosecution of the appeal. The appellant opposed that motion on the ground that the appellee did not deposit in court the sum of $939.50 that he was required to pay for her separate maintenance until December 4, 1923, and that her diligence is shown by the steps taken by her to procure payment of the allowance for maintenance and of a further sum for the services of her attorney. The 17th of December, 1923, was set for a hearing on the approval of the stenographer's transcript, and in the absence of the adverse party the appellant's attorney moved for and was granted a continuance of the hearing.

We may put aside the action taken by the plaintiff to collect the allowance for her separate maintenance, for that has nothing to do with the perfection and prosecution of the appeal from the decree of divorce.

After the stenographer filed the transcript of the evidence it was necessary, in order to make it a part of the judgment-roll to be brought up to this Supreme Court, that it should be approved by the judge after hearing the parties; but in this case the appellant did nothing to obtain its approval after March 6, 1922, the appeal having remained dormant for almost two years, or until the date of the motion for its dismissal, and this lapse of time is of itself satis-

factory evidence of lack of due diligence on the part of the appellant in the prosecution of the appeal. For this reason the appeal should be dismissed in accordance with Rule 59, *supra,* which reads that any case not previously filed in this court may, in the discretion of the court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is frivolous. That lack of diligence is made more manifest by the fact that on December 17, 1923, the appellant moved for a continuance of the hearing for the approval of the transcript of the evidence, thus causing further unnecessary delay when she should have moved for its approval at that time, inasmuch as the adverse party did not appear to propose amendments.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.